No. 2258.

### GEORGE ROBERTS *v.* THE STATE.

ASSAULT WITH INTENT TO MURDER—AGGRAVATED ASSAULT—CHARGE OF
THE COURT.—See the opinion of this court for a summary of the evidence
upon which the appellant was convicted of an assault with intent to
murder, and which should have elicited instructions from the trial court
to the jury upon certain phases of the law of aggravated assault, of self
defense and of manslaughter.

APPEAL from the District Court of Johnson. Tried below be-
fore the Hon. J. M. Hall.

Appellant was indicted for an assault upon J. H. Keith, with
intent to murder him. He was found guilty, as charged in the
indictment, and his punishment was assessed at a term of three
years in the penitentiary. The material facts are clearly,
though concisely, stated in the opinion of this court.

*C. W. Jordan,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. From the evidence, as it appears
in the record, it seems that one Stewart, a constable, had a
warrant for the arrest of appellant and his brother upon a charge
of unlawfully carrying a pistol. Stewart summoned one J. H.
Keith and Tom Keith, his brother, to assist him in making the
arrest. These parties reached the home of Mrs. Roberts, the
mother of appellant, where he and his brother resided, after
dark. The two Robertses were out in the yard, preparing to
ride round the field to look after stock that had been breaking
into their crop, and were in the act of saddling their horses
when Stewart and the two Keiths came up—Jim Keith stopping
at the fence in front of the house, and Stewart and Tom Keith
going round behind the house.

There is a conflict in the testimony, as to the actions of the
parties just preceding the difficulty, Mrs. Roberts testifying that
the first thing done and said was by Jim Keith, who was seen

at the fence some ten feet in front of defendant, and with his gun (a double barrelled shot gun) lying across the fence and pointing at defendant, Keith saying: "Throw up your hands, or G—d d—n you, I'll kill you," and that defendant and his brother Charley both threw up their hands. Jim Keith himself testified " he saw the boys in the yard and they immediately drew their pistols, and he leveled his gun on defendants, with one barrel cocked, and ordered them to throw down their pistols and surrender." He says he then went through a gap in the fence and walked towards defendant, "telling him we had warrants for them and wanted to arrest them;" that, just as he got to defendant and reached to take defendant's pistol, defendant raised his pistol to shoot witness, and witness struck him over the head with his gun. This difficulty occurred on the night of the fifteenth of June. It is in evidence that on the tenth of June, five days before the difficulty, defendant and one Mrs. Miller, who was the mother in law of Jim Keith, had a wordy altercation, in which Mrs. Miller told defendant that she would have him arrested and that she would make Jim Keith kill him.

These are the facts in so far as they are necessary in order to illustrate our view of one or more phases of the law of the case which the court failed to give in charge to the jury, and which omission was, in our opinion, a fundamental error necessitating a reversal of the judgment.

Mrs. Miller had threatened to make Jim Keith, her son in law, kill defendant. When defendant first sees Keith, after this, Keith is in ten feet of him, with his double barrelled shot gun cocked and presented at him, accompanied by the command to throw up his hands or he would kill him. He complies with the demand and Keith advances upon him. Now under these circumstances—the previous threat of Mrs. Miller, the acts and words of Keith at the time—if defendant was so aroused by anger, rage or terror, as that he determined to kill Keith, and drew his pistol with that purpose, and did kill him, would his offense have been of a higher degree than manslaughter? And, failing to kill him, could his attempt to shoot under the circumstances have been of a higher grade of offense than aggravated assault?

Again, suppose it be conceded that Keith, in attempting to make the arrest, did not use more force than is allowed by law (Code Crim. Proc., art. 255), and that he made known the authority under which he proposed to arrest him (Code Crim. Proc., art. 257), still might not his conduct at the time, coupled

with the previous threats of Mrs. Miller, have been such as that defendant, judging of the matter from his own standpoint, could well have concluded that the claim that he had a warrant for his arrest was but a pretext in order to enable him (Keith) to get defendant at a disadvantage by making him throw down his pistol and throw up his hands, in order that he might the better carry out his purposes of serious bodily injury towards him? And if, acting under such reasonable apprehension, defendant had killed Keith, would not the killing have been justifiable as in his necessary self defense?

These where phases of the law of this case which the facts demanded should have been submitted to the jury. They were not presented in the charge given by the court.

Because the charge did not embrace these material issues of law applicable to the facts, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered February 26, 1887.